IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND R. GEHRKE, JR., <br> on behalf of himself and other Plaintiffs <br> similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 07 C 6859 |
| v. | ) <br> ) | Judge NORGLE |
| DOWNES SWIMMING POOL, CO., INC., <br> and LUIS N. DOWNES, Individually, | ) <br> ) <br> ) | Magistrate Judge DENLOW |
| Defendants. | ) | |

## ANSWER TO COMPLAINT AND
## AFFIRMATIVE DEFENSES

**NOW COMES**, the Defendant, DOWNES SWIMMING POOL CO., INC., by and through

their attorneys, STEVEN MESSNER & ASSOCIATES, and hereby files their response to the

Plaintiff's Complaint and their Affirmative Defenses, as follows:

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

**I.     NATURE OF ACTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*, the Illinois Minimum Wage Law, 820

ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1

*et seq.* ("IWPCA") for Defendant's failure to pay overtime wages to Plaintiff and a class of similarly

situated employees.  During the course of his employment, Plaintiff and a class of similarly situated

employees routinely worked in excess of forty (40) hours a week, but were not paid at one and one-

half times their regular rate for all overtime hours worked.  Defendant's actions were and are willful

and had the effect of denying Plaintiff and a class of similarly situated employees their overtime

wages.

**ANSWER:**    Admits the allegation contained in paragraph 1 as it pertains to 29 U.S.C. § 201, *et*

*seq.* and 29 U.S.C. § 251 *et seq.*, but denies that Defendant Downes Swimming Pool,

Co., Inc. does not pay one and one-half times their regular rate for all overtime hours

worked pursuant to the requirements of the Fair Labor Standards Act and the Illinois

Minimum Wage Law. Further, that Defendant Downes Swimming Pool Co., Inc. are

not willful and has not denied Plaintiff and a class of similarly situated employees

their overtime wages.

## II.    JURISDICTION AND VENUE

2.    Federal jurisdiction arises under the provision of the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.*, including §§ 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. 251 *et seq*.

There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Admits the allegations contained in paragraph 2.

3.    Venue lies in the Northern District of Illinois in that Plaintiff resides in this district,

Defendant is engaged in business in this district, and a substantial part of the events or omissions

giving rise to the claim occurred in this District. At all pertinent times, Plaintiff worked in this

judicial District.

**ANSWER:**    Admits the allegations contained in paragraph 3.

## III.    PARTIES

4.    Defendant Downes Swimming Pool Co., Inc. ("Downes") is an Illinois corporation

engaged in the business of design and construction of in ground swimming pools. At all pertinent

-2-

times, Defendant Downes has been engaged in business in Arlington Heights, Illinois. Defendant Luis N. Downes is and was at all pertinent times, the owner and officer of Defendant Downes Swimming Pool Co., Inc. who oversees the "day to day" operations of Downes Swimming Pool Co., Inc., which includes, among other things, reviewing the finances of the company, and having and actually exercising his authority to set employees' rates of pay, reprimand employees, and participate in the hiring and firing process.

**ANSWER:**     Admits that Downes Swimming Pool Co., Inc. is an Illinois corporation engaged in the business of design and construction of in ground swimming pools and that Defendant has been engaged in business in Arlington Heights.

5.     Defendants are "employers" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

**ANSWER:**     Admits that Defendant is an employer subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.     Plaintiff Raymond R. Gehrke, Jr. resides at 75 Sandhurst Road, Mundelein, Illinois 60060. He was employed by Defendants between April 1999 and July 2007.

**ANSWER:**     Admits the allegations contained in paragraph 6.

7.     At all relevant times herein, Plaintiff Raymond R. Gehrke, Jr. (hereinafter "Plaintiff"), and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either former or current employees of Defendant.

**ANSWER:**     Admits that Raymond R. Gehrke, Jr. is a former employee of Defendant.

8.     Plaintiff has signed a Consent to Become A Party Plaintiff under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit 1.

**ANSWER:**     Admits the allegations contained in paragraph 8 that Plaintiff consented to become

a party, as the attachment to the Complaint demonstrates.

9.     Plaintiff's primary job duties involved performing non-exempt work.  Plaintiff was

employed as a technician.

**ANSWER:**     Denies the allegations that Plaintiff's primary job duties involved performing non-

exempt work.  Plaintiff was employed as a supervisor.

## IV.     CLASS ALLEGATIONS

10.     Pursuant to 29 U.S.C. § 216 (b), this action may be maintained by the Plaintiff Class,

or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been

damaged by Defendants' failure to comply with 29 U.S.C. *et seq.* and § 251 *et seq.*

**ANSWER:**     Admits the recitals of 29 U.S.C. § 216 (b).

11.     There exist past and present employees of the Defendants who are similarly situated

to the named Plaintiff in that those similarly situated employees have either performed the same or

similar job duties as the named Plaintiff, were misclassified as exempt employees, or who were

compensated in the same or similar manner as the named Plaintiff in that they were not paid

overtime.

**ANSWER:**     Denies the allegations contained in paragraph 11.

12.     Plaintiff and similarly situated employees are subject to common personnel policies,

including the Defendants' same policies regarding overtime pay.

**ANSWER:**     Admits the allegations contained in paragraph 12 that Plaintiff is subject to common

personnel policies, including the Defendant's policy regarding overtime pay.

13.    Defendants have a common policy and practice regarding the payment of wages, the non-payment of overtime, and the computation of overtime for all of its locations.

**ANSWER:**    Admits that Defendant has a policy and practice regarding the payment of wages, but does not have a policy of non-payment of overtime.

14.    For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

**ANSWER:**    Admits the recital of 29 U.S.C. § 216(b) is accurate.

15.    Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

**ANSWER:**    Admits the applicability of 29 U.S.C. § 216(b).

16.    In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

**ANSWER:**    Denies the allegations contained in paragraph 16.

**V.    FACTUAL ALLEGATIONS**

17.    At all pertinent times, Defendants were the employers of Plaintiff and members of the Plaintiff Class.

**ANSWER:**    Admits that the Defendant Downes Swimming Pool Co., Inc. was the employer of Plaintiff.

-5-

18.    At all pertinent times, Defendants had a practice of not paying overtime at a rate of one and one half times the hourly rate for hours worked in excess of 40 hours in a work week to Plaintiff, similarly situated employees, employees misclassified as exempt, and employees who were compensated in a similar manner to Plaintiff in that, although entitled to overtime, were not paid overtime pay.

**ANSWER:**    Denies the allegations contained in paragraph 18.

19.    At times while he was employed, Plaintiff worked more than 40 hours in a work week.

**ANSWER:**    Admits the allegations contained in paragraph 19.

20.    On the occasions when Plaintiff worked more than 40 hours in a work week, he was not paid overtime at a rate of one and one-half the hourly rate for the hours worked in excess of 40 hours.

**ANSWER:**    Admits there may have been an occasion where Plaintiff worked in excess of forty (40) hours a week, however, Plaintiff was considered a supervisor and exempt from the applicability of 29 U.S.C. § 251.

21.    Defendants have both in the past and presently, employed members of the Plaintiff Class, including the Plaintiff in excess of forty (40) hours in a workweek, but have failed to pay them at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the FLSA. Defendants violated the FLSA in the following ways:

a.    Defendants failed or refused to pay overtime pay for all hours worked over 40 in a work week;

**ANSWER:**    Denies the allegations contained in paragraph 21.

22.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Portal-to-Portal Act, 29 U.S.C. 251 *et seq.*, Plaintiff, and members of the Plaintiff Class are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this Complaint.

**ANSWER:**     Admits the applicability of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Portal-to-Portal Act, 29 U.S.C. 251 *et seq.*

23.     Defendants have at all time relevant hereto failed and refused to pay overtime compensation to Plaintiff and all other members of the Plaintiff Class at the rate of one and one-half their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the FLSA.

**ANSWER:**     Denies the allegations contained in paragraph 23.

24.     Defendants' failure to pay overtime compensation at the rate of one and one-half of the regular rate for all hours worked over forty (40) in a work week is a violation of the Fair Labor Standards Act.

**ANSWER:**     Denies the allegations contained in paragraph 24.

WHEREFORE, Defendant Downes Swimming Pool Co., Inc. respectfully requests that this Court enter an order as follows:

a.     Deny an award of judgment; and

b.     For such other, further and different relief as equity requires in the premises and as this Honorable Court deems meet.

**COUNT II**

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-24.    Paragraphs 1-24 are re-alleged and incorporated as through set forth fully herein as paragraphs 1 through 25 of Count II.

**ANSWER:**    Responses to paragraphs 1-24 are re-alleged and incorporated as through set forth fully herein as paragraphs 1 through 25 of Count II.

25.    Defendants have, both in the past and presently, willfully failed to pay Plaintiff and members of the Plaintiff Class for hours worked in excess of forty (40) hours per week at a rate equal to one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER:**    Denies that Defendant has willfully failed to comply with the requirements of the Fair Labor Standards Act.

26.    Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:**    Denies that Defendant continues a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

27.    Pursuant to the Fair Labor Standards Act, the named Plaintiff and all Plaintiffs similarly situated, known and unknown are entitled to compensation at a rate of not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

**ANSWER:**    Admits that the Fair Labor Standards Act entitled Plaintiff compensation at a rate of not less than one and one-half times their regular rate of pay for all the hours worked

in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Defendant Downes Swimming Pool Co., Inc. respectfully requests that this Court enter an order as follows:

a.     Deny an award of judgment; and

b.     For such other, further and different relief as equity requires in the premises and as this Honorable Court deems meet.

## COUNT III
## LIQUIDATED DAMAGES

1-27.    Paragraphs 1-27 are re-alleged and incorporated as through set forth fully herein as paragraphs 1 through 28 of Count III.

**ANSWER:**    Responses to paragraphs 1-27 are re-alleged and incorporated as through set forth fully herein as paragraphs 1 through 28 of Count III.

28.    In denying Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half times their regular rate for hours worked over forty (40) in a work week, Defendants' acts were not based upon good faith or reasonable grounds.

**ANSWER:**    Denies the allegations contained in paragraph 28.

29.    Plaintiff and all other members of the Plaintiff Class, known and unknown are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

**ANSWER:**    Denies the allegations contained in paragraph 29.

WHEREFORE, Defendant Downes Swimming Pool Co., Inc. respectfully requests that this Court enter an order as follows:

a.      Deny an award of liquidated damages; and

b.      For such other, further and different relief as equity requires in the premises and as this Honorable Court deems meet.

**COUNT IV**
**SUPPLEMENTAL STATE COURT CLAIM**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.***

1-29.    Paragraphs 1-29 are re-alleged and incorporated as through set forth fully herein as paragraphs 1 through 30 of Count IV.

**ANSWER:**    Responses to paragraphs 1-29 are re-alleged and incorporated as through set forth fully herein as paragraphs 1 through 30 of Count IV.

30.    There exists a statute called the Illinois Minimum Wage Law, 820 ILCS Section 105 *et. seq.*, which requires employers to pay to employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

**ANSWER:**    Admits that Illinois has a statute called the Illinois Minimum Wage Law, 820 ILCS Section 105 *et seq.*

31.    This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

**ANSWER:**    Admits the allegations contained in paragraph 31.

32.    At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff and members of the Plaintiff Class were employees within the meaning of that Act.

-10-

**ANSWER:**    Admits that Defendant Downes Swimming Pool Co., Inc. is an employer as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

33.    Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff and members of the Plaintiff Class were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:**    Admits the applicability of 820 ILCS 105/3(c).

34.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and members of the Plaintiff Class at one and one-half times their normal rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:**    Denies that Defendant Downes Swimming Pool Co., Inc. violated the Illinois Minimum Wage Law.

35.    Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the Plaintiff Class were entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**    Admits the applicability and recitals of 820 ILCS 105/12(a).

36.    The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

**ANSWER:**    Admits there is a statute of limitations in Illinois.

37.    The aforementioned Illinois statute also provides for Plaintiff and members of the Plaintiff Class to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

**ANSWER:**   Admits the recitals of the Illinois statute.

38.   Defendants' failure to pay Plaintiff and members of the Plaintiff Class time and one-half for hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

**ANSWER:**   Denies that Defendant Downes Swimming Pool Co., Inc. failed to pay Plaintiff pursuant to the Illinois Minimum Wage Law.

39.   The named Plaintiff represents all similarly situated employees, all employees misclassified as exempt, and employees compensated in a similar manner to Plaintiff who have not been paid for overtime at the required time and one-half rate, under the provisions of the Illinois Minimum Wage Law.

**ANSWER:**   Denies the allegations contained in paragraph 39.

40.   The Court should certify this suit as a class action and determine the rights of the parties as to the individual Plaintiff and as to the class' overtime pay, and damages due, pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 2052; and the Court should direct the Defendants to pay for all of said overtime wages, penalties and prejudgment interest thereon, due the Plaintiff and the Plaintiff Class.

**ANSWER:**   Denies the allegations contained in paragraph 40.

41.   This suit is brought pursuant to 735 ILCS 5/2-801 as a class action because the class or subclasses of Plaintiffs is so numerous that joinder of all members is impracticable.  It is further impracticable, at this time, to discover the numerous members of the class similarly situated to the Plaintiff, or to join said members as parties to this suit.  Plaintiff, therefore, brings this action on his

own behalf as an aggrieved employee, and in his representative capacity as and aggrieved employee, against the Defendants.

**ANSWER:**    Denies the allegations contained in paragraph 41 as it relates to Defendant Downes

                Swimming Pool Co., Inc.

       42.    The issues involved in this cause present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the class and subclasses, if any.

**ANSWER:**    Denies the allegations contained in paragraph 42.

       43.    Examples of common issues of fact include, but are not limited to, the following:

                a.    whether Plaintiff and members of the Plaintiff Class were or are expected to work and did in fact work more than 40 hours per week; and

                b.    the practice or policy by Defendants to not compensate Plaintiff and members of the Plaintiff Class at time and one-half for hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**    Denies the allegations contained in paragraph 43.

       44.    Examples of common questions of law include, but are not limited to, the following:

                a    whether the Defendants are subject to the statutory overtime requirements;

                b.    whether Defendants violated the applicable statutory provisions by withholding overtime pay from Plaintiff and members of the Plaintiff Class;

                c.    the correct statute of limitations for claims of members of the Plaintiff Class;

                d.    whether Defendants accurately recorded the hours worked by the members of the Plaintiff Class; and

e.      whether Plaintiff and members of the Plaintiff Class are entitled to injunctive

relief to enjoin Defendant's statutory compliance.

**ANSWER:**    Admits the allegations contained in paragraph 44.

45.    The Plaintiff and members of the Plaintiff Class have a commonality of interest in

the subject matter and remedy sought, involving, for example, overtime pay, penalties, injunctive

relief, and Defendants' common company wide personnel polices.  The individual Plaintiff is able,

fairly and adequately, to represent and to protect the interests of the members of the Plaintiff Class.

**ANSWER:**    Denies the allegations contained in paragraph 45.

46.    A class action is superior to other available means for the fair and efficient

adjudication of this controversy since individual joinder of all members of the class is impractical.

Class action treatment will permit a large number of similarly-situated persons to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of effort and expense that numerous individual actions would engender.  Furthermore,

as the damages suffered by each individual member of the class may be relatively small, the expenses

and burden of individual litigation would make it difficult or impossible for individual members of

the class to redress the wrongs to them, while an important public interest will be served by

addressing the matter as a class action.  The cost of the court system of adjudication of such

individualized litigation would be substantial.  Individualized litigation would also present the

potential for inconsistent or contradictory judgment.  If individual actions were required to be

brought by each of the members of the Plaintiff Class injured or affected, it would necessarily result

in a multiplicity of lawsuits, creating a hardship to the individual Plaintiff and to the Court, as well

as to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient

adjudication of this controversy and distribution of the common fund to which the class is entitled.

**ANSWER:**    Denies the allegations contained in paragraph 46.

WHEREFORE, Defendant Downes Swimming Pool Co., Inc. respectfully requests that this

Court enter an order as follows:

a.    Deny the relief requested; and

b.    For such other, further and different relief as equity requires in the premises and as

this Honorable Court deems meet.

### COUNT V
### SUPPLEMENTAL STATE COURT CLAIM
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-46.    Paragraphs 1-46 are re-alleged and incorporated as through set forth fully herein as

paragraphs 1 through 47 of Count V.

**ANSWER:**    Responses to paragraphs 1-46 are re-alleged and incorporated as through set forth

fully herein as paragraphs 1 through 47 of Count V.

47.    At all relevant times herein, Defendants were "employers" as defined in the Illinois

Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, (herein IWPCA) and Plaintiff and

members of the Plaintiff Class were "employees" within the meaning of that Act.

**ANSWER:**    Admits that Defendant Downes Swimming Pool Co., Inc. is an employer as defined

in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

48.    Defendants promised to pay Plaintiff and members of the Plaintiff Class for said work

at rates which vary during the relevant time period. Pursuant to the Illinois Wage Payment and

Collection Act, 820 ILCS 115-1 et seq., Plaintiff and members of the Plaintiff Class were entitled to be paid for those wages.

**ANSWER:**     Admits the recitals of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

49.     Defendants have failed, neglected or refused to pay Plaintiff and members of the Plaintiff Class for all their wages earned pursuant to 820 ILCS 115/4; and as a direct and proximate result thereof, Plaintiff and members of the Plaintiff Class have been damaged in an unknown amount.

**ANSWER:**     Denies the allegations contained in paragraph 49.

50.     Defendants violated the IWPCA by willfully refusing to compensate Plaintiff and members of the Plaintiff Class for all hours they worked for Defendants.

**ANSWER:**     Denies the allegations contained in paragraph 50.

51.     Illinois' five-year statute of limitations 735 Ill. Comp. Stat. Ann. 5/13-205 (2000) applies to Illinois Wage Payment and Collection Act claims.

**ANSWER:**     Admits there exists a statute of limitations 735 Ill. Comp. Stat. Ann. 5/13-205 (2000).

52.     Plaintiff and members of the Plaintiff Class are entitled to recover their attorney's fees and costs under the Illinois Attorney's Fees in Wage Actions Act, 705 ILCS 225/1 *et seq.*

**ANSWER:**     Admits the applicability under the Illinois Attorney's Fees in Wage Actions Act, 705 ILCS 225/1 *et seq.*

WHEREFORE, Defendant Downes Swimming Pool Co., Inc. respectfully requests that this Court enter an order as follows:

a.     Deny the relief requested; and

-16-

b.      For such other, further and different relief as equity requires in the premises and as this Honorable Court deems meet.

## AFFIRMATIVE DEFENSES

1.      All claims and causes of action of Plaintiff, if any, he had, are barred because he was an exempt employee.

2.      Defendant has acted in good faith compliance with the Fair Labor Standards Act and had reasonable grounds for believing it was in compliance with the Fair Labor Standards Act.

3.      To the extent Plaintiff is entitled to any back wages, the wages Defendant paid him constituted compensation for all hours worked.


                                          /s/ Steven Messner
_____STEVEN MESSNER & ASSOCIATES
                               Attorney for Defendant,
                                    Downes Swimming Pool Co., Inc.
                               444 Skokie Boulevard, Suite 303
                               Wilmette, IL 60091
                               (847)256-6580

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES has been made this 20th day of December, 2007, by electronic filing through the Court's electronic notification system, on the following:


Mr. Martin K. Denis
Ms. Jessica Butterfield
Barlow, Kobata & Denis
525 West Monroe Street
Suite 2360
Chicago, IL 60661


                                  /s/ Steven Messner
_____  STEVEN MESSNER & ASSOCIATES
                                   Attorney for Defendant,
                                       Downes Swimming Pool Co., Inc.
                                   444 Skokie Boulevard, Suite 303
                                   Wilmette, IL 60091
                                   (847)256-6580